**B.K.M., Appellee**

v.

**J.A.M., Appellant.**

Superior Court of Pennsylvania.

Submitted April 16, 2012.

Filed July 31, 2012.

Charyl Sattin, Blue Bell, for appellant.

Gregory P. LaMonaca, Media, for appellee.

BEFORE: BENDER, J., LAZARUS, J., and STRASSBURGER, J.*

OPINION BY BENDER, J.:

J.A.M. ("Mother") appeals from the order dated January 4, 2012, and entered January 5, 2012, awarding Mother and B.K.M. ("Father") shared legal custody of A.M. (born December of 2003), L.M. (born March of 2005), and J.M. (born March of 2008) (collectively, "the Children"), awarding Mother and Father shared physical custody of the Children, in the event that Mother elects to reside in Montgomery County, Pennsylvania, in accordance with a schedule, and, alternatively, awarding Father primary physical custody of the Children, in the event that Mother elects to reside in Sweden, also in accordance with a schedule. The trial court order additionally denied Mother's petition for relocation with the Children to the country of Sweden. We vacate and remand.

Mother and Father met in New Jersey in 1997. N.T., 10/27/11, at 18–19. Mother is a citizen of Sweden. Id. at 226. The parties were married in Sweden in June of 2002. Id. at 26. Shortly thereafter, Mother was diagnosed with ulcerative colitis. N.T., 10/28/11, at 168. Mother's condition progressed, eventually requiring a series of surgeries, the first of which occurred in June of 2009. Id. at 171–74. Mother underwent three surgeries in the United States, which took place in June of 2009, September of 2009, and December of 2009. Id.

Mother required a fourth and final surgery, which Mother and Father agreed she should seek in Sweden, rather than in the United States. N.T., 10/27/11, at 106–07; N.T., 10/28/11, at 68–70. The parties anticipated that the surgery would take place in the summer of 2010. On April 29, 2010, Mother, Father, and the Children traveled to Sweden. N.T., 10/27/11, at 118. While in Sweden, Father informed Mother that he wanted to end their marriage. Id. at 127–28. On May 5, 2010, Father returned to the United States, while Mother and the Children remained in Sweden. Id. at 129. Mother and the Children were initially scheduled to stay in Sweden for the summer, and return on a flight scheduled in August of 2010. Id. at 107–08.

Subsequently, medical necessity delayed Mother's surgery date, initially until September of 2010. Id. at 133. Upon learning of the delay, Father agreed that the Children could remain in Sweden during that period. N.T., 10/27/11, at 133–34; N.T., 10/28/11, at 78–79.

On October 26, 2010, Father filed for divorce. In December of 2010, Mother returned briefly to the United States, alone, with hopes that Father might change his mind regarding the divorce. N.T., 10/28/11, at 84, 87. Mother had hopes that Father would agree to seek counseling and preserve the marriage, but learned during the visit that Father had a paramour. Id. at 86–87.

In March of 2011, Mother was finally able to undergo the fourth and final surgery. Id. at 181–82. That same month, Father informed Mother that he wanted to bring the Children from Sweden to Disney World in Florida, but Mother refused. N.T., 10/27/11, at 143.

In May of 2011, Father filed a petition for an expedited custody hearing. In June of 2011, Father and Mother attended a custody conciliation, with Mother participating via telephone. Mother, still recovering from her surgery, represented that

* Retired Senior Judge assigned to the Superior Court.

she and the Children would not return to the United States until her health improved. *Id.* at 155, 148–52. Shortly thereafter, the Children returned to the United States for a four-week visit with Father, from July 11, 2011 to August 11, 2011, at Father's home in King of Prussia, Pennsylvania. *Id.* at 174. During the Children's visit, Father filed an emergency petition seeking to keep the Children in the United States, which the trial court denied by an order entered August 9, 2011.

On October 27 and 28, 2011, the trial court held a custody hearing at which Mother, Father, and several family members testified. On January 5, 2012, the trial court entered its order, granting shared legal custody of the Children to Mother and Father. The trial court order also granted shared physical custody to Mother and Father, in accordance with a schedule, in the event that Mother returns to Montgomery County, and, alternatively, granted primary physical custody to Father, in accordance with a schedule, in the event that Mother remained in Sweden. The trial court order also denied Mother's petition for relocation.[1]

On January 20, 2012, Mother timely filed her notice of appeal and simultaneously filed the concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).

On appeal, Mother raises five questions for our review:

I.   Did the Trial Court err when it issued an Order which awarded primary physical custody to Mother if she resides in the United States while awarding pri-

mary physical custody to Father if Mother resides in Sweden[?]

II.   Did the Trial Court err by failing to consider and/or apply certain factors required for consideration when conducting a best interest of the child analysis[?]

III.   Did the Trial Court err by failing to properly analyze the factors permitting relocation[?]

IV.   Did the Trial Court err by utilizing, the January 2011 Custody Act, and particularly the "new" relocation standards in deciding this matter?

V.   Did the Trial Court err by affording undue weight to facts either not placed in the record or, alternatively, facts not established through expert testimony[?]

Mother's Brief at 8.

■ As a preliminary matter, we must determine the law that applies in this case. Mother addresses this as her fourth issue on appeal. Mother's Brief at 45–48. The recently enacted Child Custody Act ("Act"), codified at 23 Pa.C.S. §§ 5321–5340, governs all "proceedings" commenced after January 24, 2011. *See* 23 Pa.C.S. § 5321. Recently we held, "if the evidentiary proceeding commences on or after the effective date of the Act, the provisions of the Act apply even if the request or petition for relief was filed prior to the effective date." *C.R.F., III v. S.E.F.*, 2012 WL 1893510, at *4 (Pa.Super. May 25, 2012). Instantly, the evidentiary proceeding commenced on October 27, 2011, after the effective date of the Act. Accordingly, the Act is the applicable law, and the trial court did not err in finding it applicable.

---

1.   Mother did not file a formal petition for relocation, but the trial court, in its opinion filed pursuant to Pa.R.A.P. 1925(a), explained that it informed the parties that "it would consider the verbal notice she gave at a prior short list conference sufficient for purposes of judicial economy but informed counsel that the decision to proceed was without prejudice to either party's rights to file an appropriate appeal." Trial Court Opinion, 2/8/12, at 1. On appeal, Father did not challenge the sufficiency of the notice provided by Mother.

■ In addressing the remainder of Mother's issues, we note that Mother's second and third issues are dispositive. Additionally, these issues turn on similar arguments, and so we address them together. Mother argues that the trial court erred by failing to consider and apply certain factors required when conducting a best interest of the child analysis under 23 Pa.C.S. § 5328(a), and failing to properly analyze the factors permitting relocation under 23 Pa.C.S. § 5337(h).[2] Mother's Brief at 28, 38.

Central to her argument on both of these issues, Mother argues that the trial court erred in its interpretation of 23 Pa. C.S. § 5337(*l*). Mother's Brief at 33, 42. Mother faults the trial court for disregarding evidence concerning the Children's lives in Sweden since April 2010, pursuant to its interpretation of section 5337(*l*). She argues that the disregarding of evidence was the result of a misinterpretation of section 5337(*l*), and that an inadequate analysis of both sections 5328(a) and 5337(h) followed from the trial court's erroneous interpretation of subsection (*l*).

■ The interpretation and application of section 5337(*l*) of the Act is one of first impression. Accordingly, our standard of review is as follows:

"[T]he interpretation and application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law." *Wilson v. Transport Ins. Co.*, 889 A.2d 563, 570 (Pa.Super.2005). "As with all questions of law, the appellate standard of review is de novo and the appellate scope of review is plenary." *In re Wilson*, 879 A.2d 199, 214 (Pa.Super.2005) (*en banc*).

*In re Adoption of J.A.S.*, 939 A.2d 403, 405 (Pa.Super.2007).

With any child custody case under the Act, the paramount concern is the best interest of the child. In determining best interests under the new Act, the trial court must consider the following sixteen factors:

§ 5328. Factors to consider when awarding custody

(a) Factors.—In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where

**2.** Mother argues these issues under both the old law and under sections 5328(a) and 5337(h) of the new Act. As we have already addressed the applicability of the Act, we limit our discussion to Mother's arguments as they pertain to the new Act.

reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S. § 5328(a). *See also E.D. v. M.P.*, 33 A.3d 73, 79–80 (Pa.Super.2011) (holding that "best interests of the child" analysis requires consideration of all section 5328(a) factors).

Additionally, in determining whether to grant relocation, the trial court must consider the following ten factors:

### § 5337. Relocation

\*    \*    \*

**(h) Relocation factors**—In determining whether to grant a proposed relocation, the court shall consider the following factors, giving weighted consideration to those factors which affect the safety of the child:

(1) The nature, quality, extent of involvement and duration of the child's relationship with the party proposing to relocate and with the nonrelocating party, siblings and other significant persons in the child's life.

(2) The age, developmental stage, needs of the child and the likely impact the relocation will have on the child's physical, educational and emotional development, taking into consideration any special needs of the child.

(3) The feasibility of preserving the relationship between the nonrelocating party and the child through suitable custody arrangements, considering the logistics and financial circumstances of the parties.

(4) The child's preference, taking into consideration the age and maturity of the child.

(5) Whether there is an established pattern of conduct of either party to promote or thwart the relationship of the child and the other party.

(6) Whether the relocation will enhance the general quality of life for the party seeking the relocation, including, but not limited to, financial or emotional benefit or educational opportunity.

(7) Whether the relocation will enhance the general quality of life for the child, including, but not limited to, financial or emotional benefit or educational opportunity.

(8) The reasons and motivation of each party for seeking or opposing the relocation.

(9) The present and past abuse committed by a party or member of the party's household and whether there is a continued risk of harm to the child or an abused party.

(10) Any other factor affecting the best interest of the child.

23 Pa.C.S. § 5337(h). *See also E.D.*, 33 A.3d at 80 ("Section 5337(h) mandates that the trial court *shall* consider all of the factors listed therein, giving weighted consideration to those factors affecting the safety of the child.").

Central to this appeal, where a party relocates with the child prior to a full expedited hearing, section 5337(*l*) provides:

> (*l*) **Effect of relocation prior to hearing.**—If a party relocates with the child prior to a full expedited hearing, the court shall not confer any presumption in favor of the relocation.

23 Pa.C.S. § 5337(*l*).

In the instant case, the trial court stated in its opinion that it disregarded any evidence arising out of the period after Mother and the Children moved to Sweden in April of 2010, and that it determined it was bound to do so by its interpretation of section 5337(*l*):

> [T]hroughout her Concise Statement, Mother stated that she is the primary caretaker of the [C]hildren, and she further argued that this [c]ourt erred in failing to afford her a preference as the primary caretaker of the [C]hildren. While it is true that she is currently the primary caretaker, the only reason this is true is because Mother failed to return to the United States as was discussed and contemplated by the parties and Father cannot realistically be there with the [C]hildren to share in their day to day lives. Pursuant to 23 Pa.C.S. § 5337(*l*), if a party relocates with a child prior to a full expedited hearing, the court shall not confer any presumption in favor of the relocation. Accordingly, this [c]ourt was not willing to make a determination that because Mother has kept the [C]hildren in Swe-

den against Father's wishes, she should be "rewarded" because she created a status quo that disadvantages Father.

> Mother also argued that this [c]ourt erred by failing to consider the emotional, educational, and social roots established by the [C]hildren in Sweden since April of 2010. Once again, this [c]ourt is not permitted to confer any presumption in favor of Mother who relocated with the [C]hildren prior to a full expedited hearing. 23 Pa.C.S. § 5337(*l*). Additionally, the [c]ourt advised counsel both off the record in conference prior to the hearing and on the record at the conclusion of the trial that the fact the [C]hildren were residing in Sweden, and would be remaining there until further order of this [c]ourt, would not prejudice either party. While Mother attempted ... through her pretrial statement, at the hearing, and now through her Concise Statement, to argue that because the [C]hildren have been in Sweden their stability warrants their continued presence there[,] this [c]ourt believes it was correct in disregarding all such comments based on the fact that Mother had already relocated.

Trial Court Opinion, 2/8/12, at 11.

The object of statutory interpretation is to ascertain and effectuate the intent of the legislature. *C.R.F., III*, 2012 WL 1893510, at *3 (citing 1 Pa.C.S. § 1921). In interpreting statutory language, initially we look to the plain language of the statute, and determine whether any ambiguity exists. *See Holland v. Marcy*, 584 Pa. 195, 883 A.2d 449, 455 (2005) ("Only when the words are ambiguous may we look to the general purposes of the statute, legislative history, and other sources in an attempt to determine the legislative intent.").

Section 5337($l$), by its unambiguous language, prohibits a court from conferring a presumption in favor of a relocation that occurred prior to a full expedited hearing. Thus, in that situation, a trial court may not adopt a *prima facie* inference that the relocation is necessarily in the child's best interest, and it may not as a result, require the party opposing relocation to bear the burden of rebutting such an inference.

This plain reading of section 5337($l$) is supported by 23 Pa.C.S. § 5337(i), a neighboring subsection concerning burden of proof. Section 5337(i) establishes that the party proposing relocation shall bear the burden of establishing that the relocation will serve the best interest of the child or children.[3] Given that context, we read section 5337($l$) as preserving the allocation of burdens set forth in section 5337(i), even in the presence of an existing relocation.

■ In sum, the trial court must apply the same consideration of the best interests of the child, and impose the same allocation of burdens, even where a relocation occurs prior to a full expedited hearing.

In the instant case, Mother presented evidence regarding her role as a primary caretaker from April 2010 onward, as well as evidence regarding the emotional, educational, and social roots that the Children established in Sweden since that time. The trial court, in making its ultimate determination, stated that it was bound to disregard this evidence, in order to avoid conferring a presumption in favor of relocation. This interpretation of section 5337($l$), however, evinces a misunder-standing of the meaning of the word "presumption," and acts to convert a statutory provision on the allocation of burdens into what amounts to an extreme sanction on relocations that occur prior to a full expedited hearing. Moreover, by disregarding any evidence arising during the relocation, the trial court, in essence, conferred a presumption against relocation. The plain meaning of section 5337($l$) supports neither the sanction enforced by the trial court by its refusal to consider a substantial portion of the record, nor the *de facto* presumption against relocation. We conclude that the trial court's interpretation of section 5337($l$) is, thus, an error of law.

Additionally, our review reveals that the trial court's interpretation of section 5337($l$) resulted in a failure to properly consider all factors of section 5328(a) and 5337(h). The court omitted consideration of the parental duties performed in Sweden, of any need for stability and continuity established for the Children during their time in Sweden, and of the overall best interests of the Children, inasmuch as those interests might involve maintaining the status quo established by their life in Sweden over the past two years, which for the most part occurred with Father's agreement. As a result, the trial court failed to apply the necessary factors provided by section 5328(a) and 5337(h). *See E.D.*, 33 A.3d at 79–80.

■ As for Mother's remaining issues, we need not address Mother's first issue in light of the decision this Court reaches in this matter. In Mother's final issue she argues that the trial court erred by afford-

---

3. Section 5337(i) provides:

    **(i) Burden of proof.—**

    (1) The party proposing the relocation has the burden of establishing that the relocation will serve the best interest of the child as shown under the factors set forth in subsection (h).

    (2) Each party has the burden of establishing the integrity of that party's motives in either seeking the relocation or seeking to prevent the relocation.

    23 Pa.C.S. § 5337(i).

ing undue weight to facts either not placed on the record or not established through expert testimony. Mother's Brief at 48. Mother argues that the trial court erred in giving credence to expert testimony from her father, a physician, on the topic of her illness. Additionally, Mother argues that the trial court erred in determining that J.M.'s emotional development is hindered by the fact that she does not speak English, and cannot communicate directly with Father.

 We review this issue under the following standard:

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*C.R.F., III*, 2012 WL 1893510, at *2 (citation omitted).

We discern no abuse of discretion in the credibility and weight placed on the testimony of Mother's father. Additionally, the trial court did not abuse its discretion by finding that J.M. is unable to communicate with Father in English, or that J.M.'s emotional development may be affected if she does not learn to speak English. As a result, we find Mother's fifth issue non-dispositive.

Accordingly, for the reasons stated above, we vacate the trial court's order and remand for proceedings consistent with this Opinion. On remand, the trial court shall fully consider the best interests of the Children pursuant to sections 5328(a) and 5337(h), which shall include a weighing of the evidence of the Children's lives in Sweden, and the need for stability and continuity established by the Children's education, family life and community life in Sweden.

Order vacated. Case remanded. Jurisdiction relinquished.