## Matthews v. Fitzpatrick

---

C.P. of Lawrence County, No. 10272 of 2014, CA

*Pro se* plaintiff.
*Pro se* defendant.

HODGE, *J.*, Oct. 29, 2014—Before the court for disposition is plaintiff's request for primary physical custody of the parties' minor children, born October 6, 2004 and born February 9, 2008.

By way of background, the plaintiff, Tanetta Matthews (hereinafter, "mother"), and the defendant, Tyshaan Fitzpatrick (hereinafter, "father") are the natural parents of the two minor children. Mother and father were never married, but had an extensive relationship beginning in 2002 and ending in 2012. During the course of the parties' relationship, the minor children were born. Mother and father were both actively involved in caring for the minor children during their early childhood. In April of 2009, father began a year sentence for a drug related charge in a state penitentiary in Ohio. Mother served as the children's primary caregiver during father's incarceration. When father was released in 2010, mother moved to McKees Rocks, Pennsylvania. The children remained with father in New Castle, Pennsylvania. On March 14, 2014, Mother

filed a new complaint for custody, notwithstanding the fact that a prior custody action was initiated in the Court of Common Pleas of Lawrence County at Case No. 10768 of 2006, Civil Action. The parties appeared before the Custody Conciliation Officer on April 4, 2014, but were unable to reach an agreement regarding primary custody of the minor children. On October 22, 2014, the parties were before this court for a hearing on mother's request for primary custody.

In any custody proceeding, the court's main concern is the most appropriate custody arrangements for the minor children., 23 Pa.C.S.A. §5327(a); *K.B. v. C.B.F.*, 833 A.2d 767, 771 (Pa. Super. 2003). In a custody contest, such as the case now before the court, where the dispute arises between two parents, the burden of proof is shared equally between the parties, as the court will not presume that custody should be awarded to a particular parent. *Id.*

In making a determination, the court bases its findings on how the best interests of the child may be served. *Arnold v. Arnold*, 847 A.2d 674, 677 (Pa. Super. 2004). It is axiomatic that the paramount concern in a child custody case is the best interests of the child, and the court makes its determination based upon a consideration of all factors legitimately affecting the child's physical, intellectual, moral and spiritual well being. *Id.* Specific factors that a court must consider are set forth in 23 Pa.C.S.A. §5328(a); *see also B.K.M. v. J.A.M.*, 50 A.3d 168 (Pa. Super. 2012) (holding that "best interests of the child" analysis requires consideration of all Section 5328(a) factors). The court will address each of these factors in the following discussion.

(1) Which party is more likely to encourage and permit frequent and continuing contact. between the children and the other party.

Father and mother both encourage and permit contact between the other party and the children. When father has

custody of the children, father permits mother to have frequent contact with the minor children when she is in town and available. Father believes that the children enjoy seeing their mother during the weekdays, and father encourages this contact even if it is during his custodial time. When mother has the children-on the weekends, father does not interfere with mother's custodial time.

Mother did testify to the fact that father will sometimes come to her residence on Sunday evenings to pick up the children at a late hour, specifically after midnight. Mother stated that when this occurs, mother does not permit father to retrieve the children because she does not want to wake them. However, when this occurs during the school year, the children will be late for school the following Monday or be absent altogether. The court is not confident in how frequently this occurs, but the court will direct in the corresponding order of court that custody exchanges take place at a more appropriate time.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the children or an abused party and which party can better provide adequate physical safeguards and supervision of the children.

There is insufficient evidence to warrant a present finding of abuse by either party against the other. Father did make allegations regarding mother's relationship with her current boyfriend. Father contended that mother and her boyfriend fight in front of the minor children, and that their fighting causes him some concern. Mother denies these allegations.

(3) The parental duties performed by each party on behalf of the children.

The history of this case clearly establishes that both

mother and father are capable of performing all the necessary tasks associated with raising the minor children. During the course of the children's lives, mother and father have each assumed the role of the primary caregiver for extended periods of time.

(4) The need for stability and continuity in the children's education, family life and community life.

The minor children have consistently lived in the residence currently occupied by father. They attend the Union Area School District, and have strong connections to their, community. Mother's request for primary custody would remove the children from their present location and place them in an unfamiliar school district, where they would not have the benefit of their paternal family, whom they are accustomed to being around. Furthermore, if mother were awarded primary custody, the mother would have to make arrangements to have the children placed in day care during periods of time when she worked. The children would lose the benefit of their family and secure home life they presently enjoy. Therefore, the court concludes that the current custody arrangement, where father serves as the primary caregiver, promotes the most stable lifestyle for the minor children.

(5) The availability of extended family.

Both mother and father testified to having extended family available to help care for the minor children. Mother takes great issue with the fact that father relies heavily on the parental grandparents to help him care for the minor children at the present time. Mother believes that the paternal grandmother is raising the children, and argues that, as the natural parent, she is better suited to raise the children.

Alternatively, father testified that he performs the

majority of the parental duties on a daily basis. He admittedly relies on his parents to assist him with the minor children, and watch the children when he is working or otherwise unavailable. Father believes that his support system is appropriate. Father stated that his family is actively involved in raising not only his children, but also the children of his siblings. Father stated that this arrangement only supports his contention that he has a stronger support system to care for the minor children.

(6) The children's sibling relationships.

The minor children are close siblings. They have consistently lived together as brother and sister. Any custodial arrangement would have to foster the children's relationship by keeping them together.

(7) The well-reasoned preference of the children, based on the children's maturity and judgment.

The children did not testify in these proceedings. Therefore, the court will not consider this factor in its determination.

(8) The attempts of a parent to turn the children against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the children from harm.

The testimony presented did not include evidence to support a finding regarding a party's attempt to turn the children against the other parent. The court will not consider this factor in its determination.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the children adequate for the children's emotional needs.

*and*

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the children.

The court considers factors nine and ten concurrently because the analysis under each element is consistent.

Both mother and father present themselves as loving and nurturing parents. Mother and father each want to maximize their time with the minor children so that they can attend to the children's daily needs. Mother's request for primary custody is premised upon her desire to play a more influential role in the children's daily lives and upbringing. Father expresses a similar desire.

Furthermore, each parent testified to the fact that mother tries to make herself available for the minor children as much as possible during the week. Father encourages this contact, and mother frequently takes advantage of these opportunities. Despite the parties' inability to communicate, it is very clear to the court that mother and father demonstrate a sincere desire to be available for the children as much as possible.

(11) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the children.

Similar to the court's analysis in the ninth and tenth factors, the court believes both mother and father are likely to attend to the children's physical, emotional, developmental and educational needs of the children.

(12) The proximity of the residences of the parties.

The parties reside approximately one hour apart. They live in different school districts. While the court does not believe the distance between mother's residence and father's residence creates a substantial impairment to

either party's ability to exercise custody, it does require the court to award mother or father primary custody during the academic year.

(13) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

The court is satisfied that both parties are able to care for the minor children. Father relies on his extended family to assist him with the children, and mother acknowledged the necessity of day care if she were awarded primary custody. While the court prefers to see the children cared for by a parent or family member, the court does not discredit mother's alternative given her work schedule. The court just believes that its in the children's best interest to maximize the time spent with parents and family versus day care. Additionally, the court gives mother great credit for consistently visiting with the minor children during the weekdays. Mother consistently tries to make herself available, and mother's actions are a testament to her sincere desire to care for her children.

(14) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

There is a high level of conflict between the parties. Mother and father exhibit a complete inability to communicate, even regarding issues involving the minor children. For this reason, the corresponding order of court shall require the parties to attend co-parenting counseling.

(15) The history of drug or alcohol abuse of a party or member of a party's household.

Mother has no history of drug or alcohol abuse. Father has a prior drug conviction, and served a one-year sentence

for his conviction. Father stated that when he was released, he made the decision to assume a different lifestyle and began attending barber school. The court finds father's testimony to be credible given his forthcoming testimony and sober appearance before the court. The court will not discredit father for his past conviction, given the fact that father has attempted to make a better life for himself and his family.

(16) The mental and physical condition of a party or member of a party's household.

Mother and father did not present any evidence to this court that questioned the mental and physical condition of the opposing party. Mother and father both appear physically healthy and emotionally stable. Therefore, this factor will not be included in the court's determination.

After considering each of the statutory factors, the court finds that it is in the minor children's best interest to remain in the primary custody of father during the academic year. The court bases its determination on the fact that the minor children have consistently lived in their' present community and are excelling in their current situation. Despite mother's beliefs, the court finds no fault in mother's decision to move to McKees Rocks, Pennsylvania. In fact, the mother has made herself available to the minor children on a consistent basis, and this fact helps provide the children additional security in their daily lives. If Father and mother overcome their communication barriers, the court strongly believes that the children will continue to thrive and excel with the positive support of both mother and father.

Given the foregoing analysis, the court will enter the following order of court, denying mother's request for primary custody, and implementing a custody order consistent with the prior order of court.

## ORDER OF COURT

And now, this 29th day of October, 2014, with this case being before the court on plaintiff's request for primary physical custody, with the plaintiff and defendant each appearing *pro se*, and after a hearing held, and consistent with the attached opinion, the court hereby orders and decrees as follows:

1. The plaintiff, Tanetta Matthews, and the defendant, Tyshaan Fitzpatrick, are awarded shared legal custody of the minor children, born October 6, 2004 and born February 9, 2008. Legal custody is the legal right to make major decisions affecting the best interest of the children. Major decisions affecting the children include, but are not limited to, health, medical, dental, orthodontic, mental health treatment and/or counseling, education, religious training and upbringing. Except in the case of medical or mental health emergencies, the custodial party shall consult with the non-custodial party. Shared legal custody does not give one party final authority in the event of a dispute. The parties shall execute any and all documents or releases necessary to effectuate legal custody, including but not restricted to, authorizations and/or releases for school reports, medical reports, mental health and/or counseling reports, insurance documents and documents required by state, local or federal authorities. Both parties shall have the right to obtain and review all information records of the children, including medical, dental, psychiatric, educational, and religious record and documents, in accordance with 23 Pa.C.S.A. §5309. The parties shall not enroll the children into curricular or extra-curricular activities without prior notice to and consent from the other party. The parties shall keep the other informed of the children's activities, school events and medical appointments. The parties shall keep the other notified of all important issues regarding the minor children.

This order shall serve as a release to any medical, mental health and counseling, educational or religious provider to release reports/information to all parties. Pursuant to 23 Pa.C.S.A. §5336, all parties have access to the children's records and information.

2. Defendant/father is awarded primary physical custody of the minor children subject to the partial custody rights of plaintiff/mother as outlined below. The custodial party has the obligation to foster and encourage a healthy relationship between the minor children and the non-custodial party.

3. The plaintiff/mother shall have partial custody of the minor children every weekend from Friday at 6:00 p.m. until Sunday at 6:00 p.m.

4. The party retrieving the minor children is responsible for providing transportation. Father shall retrieve the minor children on Sunday evenings at 6:00 p.m. If father is not available at that time, he must provide advance notice to mother regarding what time he will be picking up the minor children.

5. During the summer months, the aforementioned custody schedule shall alternate with plaintiff/mother enjoying primary custody during the weekdays and defendant/father enjoying partial custody on the weekends.

6. The custodial holiday schedule shall occur as mutually agreed upon by the parties.

7. Transportation may be provided by a family member or someone well known to the children. However, the court strongly encourages the plaintiff and the defendant to personally effectuate all custody exchanges. All parties and anyone else involved with transportation shall comply with the laws and regulations of the Commonwealth of Pennsylvania, including those regarding child safety restraint

apparatus in any vehicle used to transport the children.

8. The parties are additionally directed to contact Mr. Brian Dick, LPC of Family Pathways/Kids In Common, 1001 East Washington Street, New Castle, Pennsylvania 16101 to commence co-parenting/communication counseling within twenty (20) days from the date of this order of court.

9. The parties may modify the terms of this custody order as they both agree from time to time. One party shall not modify these provisions without the consent of the other.

10. The parties are directed to fully cooperate with each other in fulfilling the requirements of this order and all other orders in connection with this matter and to comply with all provisions contained in the order(s). All communications regarding custody issues shall take place directly between parties, never using the minor children as an intermediary.

11. While in the presence of the children, the parties shall not make any remarks or do anything which can in any way be construed as derogatory or uncomplimentary to the other, and it shall be the duty of all parties to uphold the other party as one whom the children should respect and love. To the extent possible, each, party shall not permit any other person to make derogatory comments in the presence of the children. Each party shall refer to the other by the appropriate role names, such as mom, dad, your grandmother, etc.

12. Lawrence County retains jurisdiction of this custody case. Neither party shall remove the children from the jurisdiction of this court with the intent of changing the physical residence of the children without the written consent of the other party or approval of the court. No relocation, as defined in Title 23 Pa.C.S.A. §5322, with the

minor children, shall occur without the consent of every person who has custodial rights to the minor children, or without approval of the court. Any person desiring to relocate with the minor children must comply with the obligations of Title 23 Pa.C.S.A. §5337, including, but not limited to, providing the required' sixty-day notice.

13. This order of court supersedes all prior custody provisions in the above captioned case. All previous custody orders are null and void.

14. The parties shall abide by the terms of the appendix attached hereto, incorporated herein, and made a part hereof. The parties shall read the appendix immediately and shall familiarize themselves with the provisions contained therein.

15. The parties are obligated to notify the Prothonotary of Lawrence County of any change in address.

16. The prothonotary shall be responsible for properly serving a copy of this order of court and opinion upon all counsel of record; upon any unrepresented parties in this action in accordance with Pa.R.C.P. No. 236, and Rule L 236 and Mr. Brian Dick, LPC.