J-S67016/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

IN THE INTEREST OF T.E.J.-H., JR.,    :  IN THE SUPERIOR COURT OF
              A Minor     :      PENNSYLVANIA
                            :
APPEAL OF: J.H. and J.C.R.     :     No. 763 MDA 2015

Appeal from the Order entered March 31, 2015
In the Court of Common Pleas of Berks County
Juvenile Court Division, at No. CP-06-DP-0000315-2014

BEFORE:  BOWES, J., PANELLA, J., and PLATT[*], J.

MEMORANDUM BY PANELLA, J.:       **FILED JANUARY 19, 2016**

J.H. and J.C.R. (Appellants)[1] appeal from the order of the Court of Common Pleas of Berks County, entered March 31, 2015, which denied their petition to intervene in the matter of the dependency of T.E.H.-J. (Child), born in August of 2014.  We affirm.

Berks County Children and Youth Services (CYS) assumed emergency custody of Child and placed him in kinship care with Appellants upon his discharge from the hospital on August 8, 2014.  The trial court adjudicated Child dependent and awarded temporary custody of Child to CYS on August 20, 2014.  Child's concurrent goals were reunification and adoption.  CYS removed Child from Appellant's home on November 26, 2014, and placed him in a traditional foster home due to numerous concerns about Appellants.

Richard F. Small, Ph.D., evaluated Appellants on October 21, 2014. Dr. Small noted that J.H. demonstrated "great warmth and interest" in Child

---

[*]  Retired Senior Judge assigned to the Superior Court.

[1]  J.H. is Child's maternal aunt; J.C.R. is her partner.

while J.C.R. demonstrated none. **See** Small Report, at 6. Dr. Small had significant concerns regarding the Appellants' ability to follow CYS' directives. Dr. Small opined specifically:

> [Appellants] had a poor experience with a foster child and remain bitter. They have unrealistic expectations as to how difficult raising [Child] is likely to be. [Appellants] seem to have a stable relationship, and raising a child might put great strains on that. Given the previous experience, if such strains appear, preserving the relationship might prove more important than the psychological well-being of [Child].

**Id**.

Matt Shollenberger, Ph.D., evaluated J.C.R. on November 14, 19 and 25, 2014. Dr. Shollenberger opined that J.C.R. had severe emotional issues and needed to be thoroughly assessed for suicidal ideations, depression and personality disorders. **See** Schollenberger Report, at 7. He further opined that J.C.R. had "difficulty simply getting out of a chair," and therefore she needed to address the physical issues that inhibit her from normal daily functioning. **Id**. Dr. Shollenberger specifically noted that J.C.R. is, "plagued with mental and physical concerns," and noted that those concerns were so profound that he did not believe that J.C.R. was "a suitable foster parent for any child." **Id**.

On November 18, 2014, Appellants filed a Petition for Placement Pending Adoption, Intervention and for Custody. The trial court denied that petition. Appellants filed their notice of appeal on April 3, 2015, and, in

response to an order of the trial court, their concise statement of errors complained of on May 7, 2015.[2]

Appellants present the following questions for our review.

A. Whether the lower court's refusal to recognize standing of family members to intervene in dependency cases is contrary to the laws and regulations of the Commonwealth of Pennsylvania and the United States[?]

B. Whether the Pennsylvania courts' interpretation of 'party' with respect to dependency matters violate[s] the constitutional rights of citizens to familial relationships[?]

Appellants' Brief, at 4.

Appellants ask us to consider a pure question of law. "As with all questions of law, the appellate standard of review is de novo and the appellate scope of review is plenary." *B.K.M. v. J.A.M.*, 50 A.3d 168, 172 (Pa. Super. 2012) (citation omitted).

Dependency proceedings are closed to the public in Pennsylvania and only a party to a dependency may participate in them. This Court has stated that

[u]nder the Juvenile Act [42 Pa.C.S.A. § 6336(d)], attendance at and participation in dependency proceedings are restricted. Dependency hearings are closed to the general public. Only a "party" has the right to participate, to be heard on his or her own behalf, to introduce evidence, and/or to cross-examine witnesses. Although the Juvenile Act does not define "party," case law from this Court has conferred the status of party to a dependency proceeding on three classes of persons: (1) the

---

[2] There was no objection or claim of prejudice from Appellee as a result of this late filing, so we have accepted it in reliance on our decision in *In re K.T.E.L.*, 983 A.2d 745 (Pa. Super. 2009).

parents of the juvenile whose dependency status is at issue; (2) the legal custodian of the juvenile whose dependency status is at issue, or (3) the person whose care and control of the juvenile is in question.

***In the Intertest of L.C., II***, 900 A.2d 378, 381 (Pa. Super. 2006) (citations omitted).

In their first claim, Appellants argue that persons who are "family members," and bear no other relation to a dependent child, should be allowed to intervene in dependency proceedings. In support of this claim, Appellants cite a section of the Pennsylvania Code and a section of the Social Security Act that each speak of reuniting a child with his or her family.

The Appellants first cite to Chapter 55, section 3130 of the Pennsylvania Code that provides, in relevant part:

(c) Each county is responsible for administering a program of children and youth social services that includes:

. . .

(3) Services designed to reunite children and their families when children are in temporary, substitute placement.

55 Pa. Code § 3130.12(c)(3).

Appellants then cite to sections of the Social Security Act[3] that they claim, "in relevant part, require that a judge must find that the state has made 'reasonable efforts' to prevent placement of the child *or to reunite the*

---

[3] We have attempted, without any success, to locate the parts of the Social Security Act to which Appellants refer from the citations in their brief. We assume, for the sake of argument, that the referenced statutes say what Appellants claim they say.

4

*child with his or her family*." Appellants' Brief, at 8 (emphasis added by Appellants).

      Appellants conclude their first argument by stating,

>     Petitioners argue that as demonstrated by the above citations, the term 'family' is used frequently in both the Federal and Pennsylvania statutes relating to dependent children. Therefore, Petitioners seek standing to proceed in the dependency hearings for the purposes of having T.J.-H. continue to be placed in their care.

Appellants' Brief, at 8.

      Appellants argue that they should be given party status because our law encourages the reuniting of children with their families. Their argument, however, fails to address the question of why we should expand the definition of party in **L.C., II**, above, to permit individuals who are no more than members of a dependent child's family to participate in that child's dependency proceeding. Appellants' first argument is without merit.

      In their second issue, Appellants claim that this Court's definition of, "whom [sic] is a proper party with standing to intervene in dependency matters violates the constitutional rights of citizens to familial relationships." Appellants' Brief, at 8.[4] To support this claim, Appellants cite cases ranging from **Loving v. Virginia**, 388 U.S. 1 (1967), which struck down race-based barriers to marriage, to **Smith v. Organization of Foster Families**, 431 U.S. 816 (1977), in which the United States Supreme Court stated that the

---

[4] We note that Appellants fail to state whether their exclusion from Child's dependency proceeding violates the constitution of this Commonwealth or of the United States.

5

"liberty interest in family privacy has its source . . . in intrinsic human rights," 431 U.S. 816, 845, while again including the Pennsylvania Code section cited above for good measure. Citing cases, however, is all that Appellants do to support their argument; they fail to relate those cases to the facts of this case to develop a coherent legal argument in support of their claim that we should grant them party status simply because they are members of Child's family.

They conclude by claiming they

> were never afforded an opportunity to become a member of the classes of individuals currently recognized and granted party status in dependency proceedings because CYS gained custody of the child through a Dependency Petition and Order prior to [Child] being released from the hospital. Thus, it was impossible for any family member desirous of caring for the child and becoming the legal custodian of the child to exercise the right to do so. Since an order was already in place declaring [Child] dependent and giving CYS legal custody of [Child], no family member (other than the parents) was able to gain standing to intervene in the dependency proceedings. Here, the Appellants are Maternal Aunt and her partner, clearly within the familial bloodline and the definition of 'family' as defined by the Courts. In refusing to grant standing to Appellants to Intervene and participate in the Dependency Matter, the lower court has applied the laws and regulations in such a way that it violates the Constitutional Rights of Appellants.

Appellants' Brief, at 16.

Our case law confers party status on three classes of individuals in a dependency proceeding: "(1) the parents of the juvenile whose dependency status is at issue; (2) the legal custodian of the juvenile whose dependency status is at issue, or (3) the person whose care and control of the juvenile is

6

in question." **_L.C., II_**, **_supra_**. Appellants admit that they are not members of any of those classes. And they fail to demonstrate how the law they cite supports their contention that persons who are no more than family members of dependent children have a constitutional right to party status in a dependency proceeding. Appellants' second argument is without merit.

Accordingly, for the reasons stated, we affirm the trial court's order.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/19/2016</u>