J-A24037-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| E.A-D. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| I.S.C. | : | No. 362 WDA 2020 |

Appeal from the Order Entered February 6, 2020
In the Court of Common Pleas of Clearfield County Civil Division at
No(s): No. 2017-1578-CD

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: FILED DECEMBER 24, 2020

E.A-D. ("Father") appeals from the Order granting the request of I.S.C. ("Mother") to relocate with the parties' child, T.A.A-D. ("Child"), a male born in December 2016, to Fairfax County, Virginia. The Order also granted shared legal and physical custody initially on an alternating monthly basis, and granted Father primary physical custody each year from the second Sunday in June until the second Sunday in August, and Mother primary physical custody at all other times. Upon careful review, we vacate and remand for further proceedings.

This case has a lengthy and convoluted procedural history. Briefly, Mother and Father met in Fairfax County, Virginia, in 2015, and Mother became pregnant with Child. Mother and Father relocated to Clearfield County, Pennsylvania. Mother and Father's relationship was tumultuous both

while Mother was pregnant and after Child was born, with Mother leaving Father on several occasions to either return to Virginia to live with her mother, M.R.E. ("Maternal Grandmother"), or arranging other living arrangements in Pennsylvania. Mother accused Father of domestic violence on multiple occasions, and each party, at different times, obtained Protection from Abuse ("PFA") Orders against the other party.

In January 2017, Father initiated a child custody action against Mother in Centre County, Pennsylvania, where Father lived at the time. In March 2017, the Centre County court awarded Mother primary physical custody of Child, and awarded Father partial physical custody, which the court directed him to utilize at the home of a family member in Virginia, which is where Mother and Child had relocated. On April 18, 2017, the court issued a Consent Order awarding Father primary physical custody of Child, and awarding Mother partial physical custody.

On April 4, 2018, the trial court issued an agreed-upon Order awarding Mother and Father shared legal custody, Father primary physical custody, and Mother supervised partial physical custody.[1] On August 2, 2019, following a pro se custody Petition filed by Mother, the trial court issued a Consent Order granting Mother and Father shared legal custody, Father primary physical

_____

[1] On September 22, 2017, the Centre County court transferred the custody action to the Clearfield County Court of Common Pleas, as Father and Child had relocated to Clearfield County.

- 2 -

custody, and Mother partial physical custody on alternating weekends and one day per week.

On September 23, 2019, Mother, pro se, filed a request to relocate with Child to Virginia to live with Maternal Grandmother, and a Complaint for emergency custody requesting primary physical custody over Child.[2]  The trial court issued a temporary custody Order, and held two hearings on November 27, 2019, and December 4, 2019, after which it directed the parties to file briefs.

On February 6, 2020, the trial court entered the instant Order granting Mother's request to relocate with Child.  The Order also awarded Mother and Father shared legal custody over Child, and shared physical custody on an alternating monthly basis until August 2020, at which point Father would have primary physical custody during the summers, and Mother would have primary physical custody at all other times of the year.  Each party was awarded partial physical custody on every other weekend during the portions of the year when the other party enjoyed primary physical custody.  The February 6, 2020, Order also rescinded all previous custody Orders.

The trial court, beyond the issuance of the February 6, 2020, Order, did not file a contemporaneous opinion in support of its Order, nor did it explain

_____

[2] In the Complaint, Mother alleged that Father had been arrested for driving under the influence after arriving to pick up Child at the parties' agreed-upon custody exchange location at a Sheetz in Centre County.

the basis for its decision at either hearing. Father filed a timely Notice of Appeal, and a Pa.R.A.P. 1925(a)(2)(i) and (b) Concise Statement of matters complained of on appeal. On March 31, 2020, the trial court issued its Pa.R.A.P. 1925(a) Opinion, wherein it made credibility determinations, analyzed the sixteen custody factors required at 23 Pa.C.S.A. § 5328(a), and the ten relocation factors required at 23 Pa.C.S.A. § 5337(h).

Father raises the following issues for our review on appeal:

1. Did the [t]rial [c]ourt err as a matter of law and abuse its discretion by withholding its reasoning for its custody and relocation decision until it issued a [Rule] 1925(a) [O]pinion, violating the provisions of 23 [Pa.C.S.A. §] 5323 and subjecting [Father] to the possibility of unwitting waiver of issues in [Father]'s [Rule] 1925(b) [Concise] Statement of Errors?

2. Did the [t]rial [c]ourt abuse its discretion by[:]

A. Denying [Father] a copy of the [c]ourt[-o]rdered Home Study [Mother] referenced in her testimony and which contained information contradicting [Mother]'s testimony and substantiating [Father]'s testimony; and

B. Suggesting, sua sponte, that the Home Study could be privileged; and

C. Requiring [Father] to "file something" [sic] in order to obtain a copy of the Home Study; and

D. Submitting the full Home Study to the record, thereby making it unavailable to [Father], only after having rendered a final decision following trial.

3. Were the [t]rial [c]ourt's conclusions unreasonable and against the weight of the evidence as shown by evidence of record?

Father's Brief at 10-11.

In his first issue, Father argues that the trial court violated the mandates in section 5323 when it neglected to state its reasons for the custody award, either on the record or in a written opinion or order. Id. at 13. Father indicates that the trial court did not address its reasons for its custody award until it issued its Rule 1925(a) Opinion on March 31, 2020, after Father had already filed his Notice of Appeal and his Concise Statement. Id. Because of the trial court's failure to delineate the reasons for its custody decisions "at or near the time of verdict," Father claims he was deprived of the ability to properly appeal the trial court's custody award without inadvertently waiving potential claims on appeal. Id. at 13-14.

This Court reviews a custody determination for an abuse of discretion. In re K.D., 144 A.3d 145, 151 (Pa. Super. 2016). Our scope of review is broad, but we are "bound by findings supported in the record, and may reject conclusions drawn by the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court." Saintz v. Rinker, 902 A.2d 509, 512 (Pa. Super. 2006) (citation omitted). Importantly, "[o]n issues of credibility and weight of the evidence, we defer to the findings of the trial judge who has had the opportunity to observe the proceedings and demeanor of the witnesses." K.T. v. L.S., 118 A.3d 1136, 1159 (Pa. Super. 2015) (citation omitted).

It is well settled that "[t]he paramount concern in child custody cases is the best interests of the child." C.G. v. J.H., 193 A.3d 891, 909 (Pa. 2018).

"The best-interests standard, decided on a case-by-case basis, considers all factors which legitimately have an effect upon the child's physical, intellectual, moral and spiritual well-being." M.J.N. v. J.K., 169 A.3d 108, 112 (Pa. Super. 2017). Child custody actions are governed by the Child Custody Act ("Act"), 23 Pa.C.S.A. §§ 5321-5340. This Court has held that, "because the best interests of the child are the paramount concern of any custody case, the trial court must address the sixteen best interest factors of section 5328(a) and the ten relocation factors of section 5337(h)." A.M.S. v. M.R.C., 70 A.3d 830, 835 (Pa. Super. 2013) (emphasis added) (citing B.K.M. v. J.A.M., 50 A.3d 168, 172-75 (Pa. Super. 2012)).

Section 5328(a) of the Act provides for the following best interest factors to be considered:

(a) Factors.--In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(2.1) The information set forth in section 5329.1(a)(1) and (2) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S.A. § 5328(a).

The court must also consider the relocation factors set forth in section 5337(h) of the Act:

(h) Relocation factors.--In determining whether to grant a proposed relocation, the court shall consider the following factors, giving weighted consideration to those factors which affect the safety of the child:

(1) The nature, quality, extent of involvement and duration of the child's relationship with the party proposing to relocate and with the nonrelocating party, siblings and other significant persons in the child's life.

(2) The age, developmental stage, needs of the child and the likely impact the relocation will have on the child's physical, educational and emotional development, taking into consideration any special needs of the child.

(3) The feasibility of preserving the relationship between the nonrelocating party and the child through suitable custody arrangements, considering the logistics and financial circumstances of the parties.

(4) The child's preference, taking into consideration the age and maturity of the child.

(5) Whether there is an established pattern of conduct of either party to promote or thwart the relationship of the child and the other party.

(6) Whether the relocation will enhance the general quality of life for the party seeking the relocation, including, but not limited to, financial or emotional benefit or educational opportunity.

(7) Whether the relocation will enhance the general quality of life for the child, including, but not limited to, financial or emotional benefit or educational opportunity.

(8) The reasons and motivation of each party for seeking or opposing the relocation.

(9) The present and past abuse committed by a party or member of the party's household and whether there is a continued risk of harm to the child or an abused party.

(10) Any other factor affecting the best interest of the child.

23 Pa.C.S.A. § 5337(h).

This Court has explained that,

> [w]hen deciding a petition to modify custody, a court must conduct a thorough analysis of the best interests of the child based on the relevant [s]ection 5328(a) factors. E.D. v. M.P., 33 A.3d 73, 80 (Pa. Super. 2011). "All of the factors listed in section 5328(a) are required to be considered by the trial court when entering a custody order." J.R.M. v. J.E.A., 33 A.3d 647, 652 (Pa. Super. 2011) (emphasis in original). Section 5337(h) requires courts to consider all relocation factors. E.D., [33 A.3d] at 81. The record must be clear on appeal that the trial court considered all the factors.
>
> Section 5323(d) provides that a trial court "shall delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S.A. § 5323(d). Additionally, "section 5323(d) requires the trial court to set forth its mandatory assessment of the sixteen [section 5328 custody] factors prior to the deadline by which a litigant must file a notice of appeal." C.B. v. J.B., 65 A.3d 946, 955 (Pa. Super. 2013), appeal denied, [] 70 A.3d 808 ([Pa. ]2013). Section 5323(d) applies to cases involving custody and relocation. A.M.S.[], 70 A.3d [at] 835[].
>
> In expressing the reasons for its decision, "there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations." M.J.M. v. M.L.G., 63 A.3d 331, 336 (Pa. Super. 2013), appeal denied, [] 68 A.3d 909 ([Pa. ]2013). A court's explanation of reasons for its decision, which adequately addresses the relevant factors, complies with [s]ection 5323(d). Id.

A.V. v. S.T., 87 A.3d 818, 822-23 (Pa. Super. 2014) (emphases added).

In this case, the trial court conducted two hearings on Mother's Petition for relocation and modification of the custody Order. Our review of the record reveals that the trial court did not address any of the sixteen factors in section

5328(a), or the ten relocation factors in section 5337(h), at any point during the hearings. See N.T., 11/27/19, at 4-109; N.T., 12/4/19, at 4-63. At the conclusion of the second hearing, the trial court requested that both parties submit briefs within thirty days. N.T., 12/4/19, at 63. Subsequently, the trial court issued its Order on February 6, 2020, which established Mother's and Father's new custody awards, granted Mother's request to relocate with Child to Fairfax County, Virginia, and provided for various restrictions that Mother and Father were to follow. Order, 2/6/20, at 1-7. The record does not reveal any contemporaneous opinion that accompanied the issuance of the Order. Father proceeded to file his Notice of Appeal and Concise Statement on March 5, 2020, at the end of the 30-day period for filing an appeal. The trial court did not issue its Opinion, in which it laid out its rationale for the new custody award and its granting of Mother's request for relocation, until several weeks later, on March 31, 2020.[3]

As noted above, "section 5323(d) requires the trial court to set forth its mandatory assessment of the sixteen [custody] factors prior to the deadline by which a litigant must file a notice of appeal." C.B., 65 A.3d at 955

_____

[3] The trial court, in its Opinion, does not indicate why it did not delineate its reasons prior to Father filing his Notice of Appeal and Concise Statement. See Trial Court Opinion, 3/31/20, at 1-32.

(emphasis added).[4] Thus, though we recognize that the trial court did eventually engage in a thorough analysis of the custody and relocation factors in its Rule 1925(a) Opinion, such Opinion was filed after the deadline by which Father could file his Notice of Appeal, and constituted an abuse of discretion. See A.M.S., supra. Accordingly, we are compelled to vacate the trial court's February 6, 2020, Order, and remand the case for further proceedings. See J.R.M., supra (vacating a trial court order and remanding for further proceedings when the trial court did not analyze the custody factors); see also M.J.M., 63 A.3d at 339 (explaining that "the Legislature has created a mandatory inquiry to aid trial courts in determining the best interests of the child in a custody dispute.").

Accordingly, we vacate the February 6, 2020, Order, and remand the matter for the trial court to consider the section 5328 custody factors and the section 5337 relocation factors, and to delineate the reasons for its decision either on the record or in a written opinion. If, in the trial court's determination, it requires additional evidence on certain issues, or if the

_____

[4] We note that this Court has determined that the mandates of section 5328(a) are not implicated in circumstances where an order does not change the "type" of the underlying custody award, or change the amount of custodial time awarded to a party. M.O. v. J.T.R., 85 A.3d 1058, 1062-63 (Pa. Super. 2014). In this case, the trial court's February 6, 2020, Order substantially changed both the type of custody and the amount of custodial time awarded to Father, as Father previously enjoyed primary physical custody throughout the year, and not just during the summers. See Order, 8/2/19, at 2-3.

circumstances related to Mother, Father, or Child have changed, then the trial court shall schedule a hearing for that purpose. The trial court shall then enter a new custody order based on its consideration and assessment of the section 5328(a) and section 5337(h) factors, and the best interests of Child.[5]

Order vacated; case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/2020

---

[5] Due to our disposition regarding Father's first issue, we decline to address his remaining issues at this time.